UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Raphael Mendez,

       Plaintiff,

vs.   REPORT AND RECOMMENDATION

Warden: Marty Anderson, et al.,
United States Attorney General
Alito [sic] Gonzales, et al.,

       Defendants.   Civ. No. 06-4528 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

## I. Introduction

This matter came before the undersigned United States Chief Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B), upon the Application of the Plaintiff Raphael Mendez ("Mendez") for leave to proceed in forma pauperis, ("IFP"). See, Docket No. 2.

The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made by, or on behalf of, the Defendant.

For reasons which follow, we recommend that the Plaintiff's IFP application be denied, and that the action be summarily dismissed.

## II.  Factual and Procedural Background

The Plaintiff, who is a civilly committed Federal detainee, is currently confined at the Federal Medical Center, in Rochester, Minnesota, ("FMC-Rochester").  He alleges that, in June of 2006, he sent a letter to the United States Attorney General, which discussed a murder that purportedly was committed in the Virgin Islands in 1983 or 1984.  The Plaintiff has attached a document to his Complaint, which he represents is a copy of that letter.  See, Complaint, Exh. 1.  Although the purpose of the letter is not altogether clear, it appears that the Plaintiff wants the Attorney General to initiate a formal investigation of the alleged murder.  The Plaintiff's letter asks the Attorney General to file a "Certificate of Interest," and "interrogate" the Plaintiff, about the alleged murder.  See, Letter, Complaint, Exh. A., at p. 3.

Several weeks after the Plaintiff sent his letter to the Attorney General, he received a written response from the Defendant Marty C. Anderson ("Anderson"), who is the Warden at FMC-Rochester.  See, Complaint, Exh. B.  In that response, Anderson advised that the Plaintiff's letter to the Attorney General "was referred to my office for reply."  Id.  The response from Anderson further provides:

> The information you provided [regarding the alleged murder in the Virgin Islands] will be forwarded to the Special Investigative Supervisor at this institution for

- 2 -

> review. Allegations of criminal activity are initially reviewed by that office before referral to the appropriate agency.

Id.

In his Complaint, the Plaintiff alleges that he "feel's [sic] as if the Letter addressed to the United States Attorney General was intercepted from reaching the United States Attorney General." Complaint, at p. 1. He states that he "file[d] this Complaint to have further PROFF [sic]" that the task of responding to his letter truly was "entrusted to a Warden, that does not serve the Prosecutorial Interest of Justice in Criminal Law." Id. (emphasis in original).

The Complaint does not mention any legal principle, or theory, on which the Plaintiff's action is based, nor does the Complaint describe any specific injury for which legal redress might be available. The Complaint also fails to describe any specific relief that the Plaintiff might be seeking in this action. The Plaintiff merely states that he "seek's [sic] to resolve this matter affecting Plaintiff, effort for Justice with this Honorable Court and hope for a Favorable and awarding ruling in the Interest of Justice." Id. at p. 2.

III. Discussion

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a pleading that fails to state a claim upon which relief can be granted. See, Title 28 U.S.C. §1915(e)(2)(B)(ii) and (iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996). Here, we find that, even with the benefit of the most indulgent of constructions, the Plaintiff's pleading is deficient because it fails to state a legally cognizable cause of action.

To state an actionable claim for relief, a Complaint must allege a set of historical facts which, if proven true, would entitle a plaintiff to some legal redress against the named defendants, based on some settled legal principle or doctrine. While Federal Courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

As noted, the Plaintiff's Complaint does not mention any legal theory, or principle, on which his action against the Defendants is predicated.[1] Furthermore, the

---

[1] We note that the Plaintiff has captioned his Complaint with an obscure reference to "Mail Fraud and Obstruction of Justice." Complaint, at p. 1. However, he does not explain in his Complaint, as he must, any factual basis to support any assertion that the Defendants have engaged in either mail fraud, or obstruction of justice.

Court has been unable discern, independently, any lawful basis for the Plaintiff's lawsuit, as his claims against the named Defendants do not appear to be grounded on any statute, case law, or established legal doctrine.  Simply put, the allegations set forth in the Plaintiff's Complaint do not entitle him to any legal recourse against the named Defendants, under any legal theory.  Thus, the Plaintiff's Complaint clearly fails to state any legally cognizable cause of action.  Based on that determination, we recommend that the Plaintiffs' IFP application be denied, as moot, and that this action be summarily dismissed, pursuant to Section 1915(e)(2)(B)(ii).

NOW, THEREFORE, It is --

RECOMMENDED:

1.	That the Plaintiff's Application to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> [Docket No. 2] be denied, as moot.

2.	That this action be summarily dismissed pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii).

Dated:  November 17, 2006		*s/Raymond L. Erickson*
		Raymond L. Erickson
		CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2, any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than December 4, 2006**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than December 4, 2006**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. § 636 to review the transcript in order to resolve all of the objections made.